CAL SUGG V. STATE

No. 27,405. March 23, 1955

*William J. Love,* Clarendon, for appellant.

*Allen Harp,* District Attorney, Childress, and *Leon Douglas,* State's Attorney, Austin, for the state.

### ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

The offense is aggravated assault; the punishment, 30 days in jail and a fine of $500.00. The grounds of aggravation alleged were that the assault occurred in a "place where persons are assembled for the purpose of innocent amusement," as denounced by Section 2 of Article 1147, V.A.P.C.

All prior opinions are withdrawn.

In view of our disposition of this cause, a recitation of the facts will not be deemed necessary.

Appellant objected to the court's charge because it failed to submit the question of whether or not the domino hall where the assault took place was such a place as comes within the purview of the above article. Appellant produced two witnesses who testified that they played dominoes often at the hall in question, that the charge was ten cents a game and was paid by the loser, and that on each occasion they played the loser paid a dime for the use of the table to the owner of the business.

This, we have concluded, was sufficient evidence to require the submission of the issue as to whether or not the domino hall was a place where persons were assembled for the purpose of innocent amusement or was a place such as is denounced by Article 616, V.A.C.P. Hall v. State, 34 S.W. 122. This became

a material issue because the offense was not aggravated assault unless committed at the particular place named in the complaint and statute, and such issue should have been submitted to the jury.

The appellant's motion for rehearing is granted, the affirmance is set aside, and the judgment is now reversed and the cause remanded.

ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge, concurring.

The undisputed facts show that this domino hall was a place where persons did bet and wager at a game of dominoes, in violation of Art. 616, Vernon's P. C.

The domino hall, therefore, was not and could not have been a "place where persons are assembled for the purpose of innocent amusement."

An adverse finding on the part of the jury under the charge which Presiding Judge Morrison concludes should have been given—that is, that the domino hall was a place of innocent amusement—would not and could not have changed the undisputed facts showing that the domino hall was a place where people resorted for the purpose of gambling.

The facts are insufficient to support the conviction, and I would reverse the case for that reason.